IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMERICAN SOVEREIGN, INC. et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 12-00038 - GPM |
| | ) |
| PRIVATE MEDINA COLLEGE FOR MEDICAL SCIENCES et al., | ) |
| | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction").

On January 12, 2012, Plaintiffs filed the instant lawsuit alleging breach of contract and fraud (Doc. 2). Plaintiffs claimed this Court had jurisdiction over the case pursuant to "42 U.S.C. § 1332(a)(2)" (Doc. 2, p. 1). Although Plaintiffs used Title "42" in the complaint, Plaintiffs then quoted the language from *28* U.S.C. § 1332(a)(2) (Doc. 2). Plaintiffs cited to the language of 28 U.S.C. § 1332(a)(2) that is commonly referred to as alienage jurisdiction (Doc. 2). The Court construes Plaintiffs' complaint to assert jurisdiction under a theory of alienage jurisdiction.

Plaintiffs' jurisdictional allegations, however, are *woefully* deficient. This matter must be dismissed for want of federal subject matter jurisdiction. Plaintiff American Sovereign Incorporated states it is a "Montana Corporation". (Doc. 2). However, "[s]ection 1332 of Title 28 states that a corporation 'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.' The state of incorporation and the principal place of business must be alleged in the complaint." *McMillian v. Sheraton Chicago Hotel & Towers,* 567 F.3d 839, 845 n.10 (7th Cir. 2009), *quoting* 28 U.S.C. § 1332(c)(1). As of today, Plaintiffs have failed to allege the principal place of business of American Sovereign Incorporated.

On February 7, 2012, the Court outlined additional problems the Court perceived with Plaintiffs' jurisdictional allegations (*See* Doc. 13). The Court ordered Plaintiffs to submit a brief on the jurisdictional deficiencies (Doc. 13). In response to the Court's Order, Plaintiffs submitted a document that was titled "Motion For Order, Re Brief Concerning Jurisdiction" (Doc. 18). The Court construed Plaintiffs' "Motion" as a motion for leave to file an amended complaint (*See* Doc. 19). The Court ordered the amended complaint due on or before May 15, 2012 (Doc. 19).

Unfortunately, the Court was informed that Plaintiffs' counsel passed away on May 5, 2012 (*See* Doc. 18). On May 18, 2012, the Court gave Plaintiffs sixty days from the date of the Order to obtain new counsel and further prosecute this lawsuit (Doc. 18). The Court warned that a failure to obtain counsel within the allotted time would result in a dismissal of this case for want of federal subject matter jurisdiction (Doc. 18).

More than sixty days have come and passed since the Court's May 18, 2012 Order. Plaintiffs have not obtained new counsel to prosecute this lawsuit. Accordingly, pursuant to the deficient jurisdictional allegation of one of Plaintiffs' own citizenship, the deficient jurisdictional allegations

outlined in this Court's February 7, 2012 Order (Doc. 13), and pursuant to the Court's May 18, 2012 Order (Doc. 20), this case is **DISMISSED** for want of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: July 23, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge